UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DELOREAN L BRYSON,

        Petitioner,

        v.                                            Case No. 21-cv-0032-bhl

DYLON RADTKE,

        Respondent.

## SCREENING ORDER

      On January 8, 2021, Delorean L. Bryson, who is currently incarcerated at the Green Bay Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. §2254. (ECF No. 1.) On that same date, Bryson also filed a motion for leave to proceed without prepaying the filing fee. (ECF No. 2.) Because Bryson's petition asserts only grounds that are not cognizable under the federal habeas statute, his petition must be dismissed. And, having dismissed Bryson's petition at screening, the Court will deny his request for a fee waiver as moot.

      Under Rule 4 of the Rules Governing §2254 Cases, the Court must screen the petition. The rule provides:

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing §2254 Cases. In screening the petition, the Court examines whether the petitioner has asserted cognizable constitutional or federal law claims and has exhausted available state court remedies. The Court also attempts to confirm that the petition was timely filed.

      On March 21, 2013, Bryson entered a guilty plea in Waukesha County Circuit Court of misappropriating personal identifying information to obtain money in violation of Wis. Stat. §943.201(2)(a). On May 30, 2013, Bryson was sentenced and, as part of his sentence, was ordered to pay a $250 DNA surcharge. On August 1, 2018, Bryson filed a post-conviction motion challenging the imposition of the DNA surcharge. The circuit court denied his motion on August

6, 2018. On May 21, 2020, the Wisconsin Court of Appeals summarily affirmed the circuit court's ruling. The Wisconsin Supreme Court denied review on September 18, 2020.

Bryson's petition asserts a single ground for habeas relief. He contends the circuit court abused its discretion when it ordered him to pay the DNA surcharge. (ECF No. 1 at 6.) He seeks to use this habeas proceeding to have the surcharge "refunded." (*Id*. at 7.) This is not a proper use of the federal habeas procedure. The federal habeas statute is only available to provide relief for a state prisoner who is in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. §2254(a). A DNA surcharge is in the nature of a fine and has no impact on Bryson's custody. *See Virsnieks v. Smith*, 521 F.3d 707, 721 (7th Cir. 2008). Accordingly, he cannot challenge the surcharge through a section 2254 petition. *See Hutchins v. Foster*, No. 18-C-1795, 2018 WL 6602217, at *1 (E.D. Wis. Dec. 17, 2018). Moreover, whether the circuit court abused its discretion in imposing the DNA surcharge is purely a question of state law. Section 2254 is not available to challenge questions of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quotations omitted) ("federal habeas corpus relief does not lie for errors of state law").

**IT IS THEREFORE ORDERED** that the motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this petition is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases. A certificate of appealability will also be **DENIED**. Reasonable jurists would not believe that the petitioner has made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment dismissing the case.

The petitioner is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event the petitioner decides to appeal, he should also ask the Court of Appeals to issue a certificate of appealability.

SO ORDERED on July 16, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge